MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
KAVITA GUPTA – State Bar No. 138505
kgupta@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

FILED & ENTERED

NOV 24 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber  DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

In re:

CRYSTAL CATHEDRAL MINISTRIES,
a California nonprofit corporation,

    Debtor and
    Debtor-in-Possession.

Case No. 8:10-bk-24771-RK

Chapter 11

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**

DATE:      November 15, 2010
TIME:      9:30 a.m.
PLACE:     Courtroom 5D
           411 W. Fourth Street
           Santa Ana, CA 92701

//

//

//

On November 15, 2010, the Court held a final hearing on the *Debtor's Emergency Motion for Order: A) Authorizing Use of Cash Collateral; B) Authorizing the Debtor to Retain, at Its Election, Existing Cash Accounts for Ten Days* ("Motion")[1] filed by Crystal Cathedral Ministries, a California nonprofit corporation, the debtor and debtor-in-possession herein ("Debtor"). Kavita Gupta, Esq. of Winthrop Couchot Professional Corporation appeared on behalf of the Debtor. Nanette D. Sanders, Esq. of Ringstad & Sanders LLP appeared on behalf of the Out of Court Committee of Unsecured Creditors ("Committee").

The Court having reviewed the Motion, the Declaration of Gwyn J. Myers ("Declaration") filed in support thereof, the pleadings and other documents on file in this Chapter 11 case, and having heard the arguments of counsel, and the Court having found that, under the circumstances of the case, the notice of the hearing on the Motion was sufficient, the Committee has consented to the Debtor's request to use cash collateral, and for other good and adequate cause,

**HEREBY FINDS** that**:**

A.    On August 18, 2010 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has managed its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.    This Court has jurisdiction over this Chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. The consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

C.    Farmers & Merchants Bank of Long Beach ("Bank") and the Committee claim an interest in the Debtor's "cash collateral," as that term is defined in 11 U.S.C. § 363(a).[2] On October 20, 2010, the Court entered an order approving the Debtor's motion for use of cash collateral on an interim basis. On October 28, 2010, the Debtor filed a notice of partial withdrawal

---

[1] Capitalized terms not otherwise defined herein shall have the meaning as set forth in the Motion.

[2] The Debtor is in the process of investigating the extent, validity, priority and perfection of the security interests of these creditors. Accordingly, the Debtor reserves all rights with respect thereto, and nothing contained herein or filing in connection with this Motion should be construed as an admission with respect to the extent, validity, priority and perfection of any creditor's security interest.

of the Motion as to the Bank.  On November 5, 2010, the Committee filed a notice of non-opposition to the Motion and reservation of rights.

D. Notice of the hearing and the relief requested in the Motion has been given to (i) the Office of the United States Trustee, (ii) the Official Committee of Unsecured Creditors; (iii) known holders of pre-petition liens against the Debtor's property; and (iv) any party that requested special notice.

E. The terms of this Order, including, without limitation, the terms of the use of cash collateral, are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duty, and are supported by reasonably equivalent value and fair consideration.

The Court, based upon the foregoing findings and conclusions, and upon the record made before this Court, and good and sufficient cause appearing therefor,

**HEREBY ORDERS** that**:**

A) <u>Authority to Use Cash Collateral Subject to Terms of Cash Collateral Budget(s)</u>.  Subject to the terms and conditions set forth herein, the Debtor is authorized to use cash collateral pursuant to the terms of this Order.  The Debtor may not use any cash collateral except for the purposes and in the amounts set forth herein or in the budget attached hereto as Exhibit "1" ("Cash Collateral Budget"), or any succeeding Cash Collateral Budget as provided in paragraph B.  The Debtor is authorized to exceed the amounts set forth in the Cash Collateral Budget by as much as 115% of the budget total.  Budget savings in any month may be carried over and used by the Debtor in subsequent months.

B) <u>Extensions of Budget</u>. No later than ten (10) days prior to the expiration of any Cash Collateral Budget, the Debtor shall submit to the Committee a new budget for the next thirteen (13) weeks for the Committee' approval.  If the Committee does not object to any extension of the use cash collateral for any additional thirteen week period within five calendar (5) days after receipt of the new Cash Collateral Budget, the new Cash Collateral Budget shall replace the Cash Collateral Budget, and the Debtor shall be

1  authorized to use the Committee's cash collateral in accordance with the provisions of
2  such new budget, without further notice to creditors or order of the Court.  If an objection
3  is filed, the Debtor shall request the Court to conduct a hearing, on an expedited basis,
4  <u>prior to the expiration of the current budget period</u>.
5        C)    <u>Financial Reporting</u>.  The Debtor shall provide to the Committee all
6  monthly operating reports required to be submitted to the Office of the United States
7  Trustee, and monthly cash flow reports showing budget to actual results, broken down by
8  the expense line items contained in the Cash Collateral Budget, within 25 days after the
9  end of each monthly period after the Petition Date.
10       D)    <u>Adequate Protection Liens</u>.  As and for adequate protection of the
11 Debtor's use of cash collateral of the Committee, the Committee will be granted a
12 replacement lien in the Debtor's post-petition assets and the proceeds thereof, to the same
13 extent and priority as any duly perfected and unavoidable liens in cash collateral held by
14 the Committee as of the Petition Date, to the extent of any decrease in the value of the
15 Committee' interests in the Pre-Petition collateral occurring subsequent to the Petition
16 Date, with such decrease in value to include decreases resulting from the Debtor's use of
17 cash collateral.
18 //
19 //
20 //
21
22
23
24
25
26
27
28

1      E)    <u>Rights of Parties in Interest</u>.  The Debtor and all other parties-in-interest reserves any and all rights that they may have to object to the claims of the Committee and to object to the validity, priority and extent of the Committee's lien, if any, encumbering the assets.  The Committee reserves any and all rights it may have to: (i) challenge the Debtor's characterization of the scope, validity and extent of the Committee's pre-petition lien; (ii) to demand an accounting of: (a) the collateral on hand as of the petition date, (b) any proceeds generated post-petition by such collateral, and its subsequent disposition, (c) the adequacy of the replacement lien granted as adequate protection of such interest; and (c) any other matter relevant to the creditor lien or the collateral.

**APPROVED AS TO FORM AND CONTENT:**

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
By: /s/ Marc J. Winthrop
    Marc J. Winthrop
[Proposed] General Insolvency Counsel for Debtor
and Debtor-in-Possession

**RINGSTAD & SANDERS LLP**
By: /s/ Nanette D. Sanders
    Nanette D. Sanders
Counsel for Out of Court Committee of Unsecured Creditors

###

DATED: November 24, 2010

_____
United States Bankruptcy Judge

# EXHIBIT "1"

Case 8:10-bk-24771-RK    Doc 62    Filed 11/24/10    Entered 11/24/10 17:47:33    Desc
Main Document    Page 6 of 9

## Crystal Cathedral Ministries
### Projected Cash Flow
### 9 weeks ended 1/14/11

| | Week 1 11/19/2010 | Week 2 11/26/2010 | Week 3 12/3/2010 | Week 4 12/10/2010 | Week 5 12/17/2010 | Week 6 12/24/2010 | Week 7 12/31/2010 | Week 8 1/7/2011 | Week 9 1/14/2011 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash | 1,328,780 | 1,338,337 | 1,128,107 | 1,099,386 | 1,002,875 | 1,219,232 | 1,275,784 | 1,780,922 | 1,862,207 | 1,328,780 |
| **Cash Receipts** | | | | | | | | | | |
| Donations and Income | 450,399 | 530,399 | 469,905 | 503,282 | 650,909 | 663,093 | 1,060,909 | 780,737 | 474,787 | 5,554,422 |
| Total Receipts | 450,399 | 530,399 | 469,905 | 503,282 | 650,909 | 663,093 | 1,060,909 | 780,737 | 474,787 | 5,554,422 |
| **Disbursements** | | | | | | | | | | |
| *Operating* | | | | | | | | | | |
| Staff Payroll and Payroll Taxes | 129,000 | 225,000 | 129,000 | 225,000 | 129,000 | 225,000 | 129,000 | 225,000 | 129,000 | 1,543,000 |
| Insider Payroll | 0 | 74,947 | 0 | 24,982 | 0 | 55,004 | 0 | 30,987 | 0 | 185,920 |
| Independent Contractors | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Airtime | 82,800 | 198,570 | 91,950 | 171,575 | 0 | 172,425 | 268,095 | 91,950 | 91,950 | 1,340,890 |
| Rent | 31,392 | 0 | 31,392 | 0 | 0 | 0 | 0 | 31,392 | 0 | 96,158 |
| Utilities | 27,000 | 62,000 | 6,328 | 991 | 171,575 | 27,000 | 62,000 | 6,328 | 991 | 180,696 |
| Insurance - P&C and WC | 0 | 0 | 45,132 | 0 | 7,687 | 0 | 0 | 45,132 | 0 | 90,264 |
| Insurance - Health | 0 | 0 | 86,686 | 1,272 | 7,687 | 0 | 2,150 | 86,500 | 0 | 177,372 |
| Insurance - other | 7,587 | 0 | 718 | 0 | 0 | 0 | 718 | 1,572 | 4,515 | 23,969 |
| Facilities Maintenance | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 | 156,000 |
| Fees and Dues | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 58,500 |
| Honorariums | 3,100 | 3,100 | 3,100 | 3,100 | 3,100 | 24,000 | 3,100 | 3,100 | 3,100 | 48,800 |
| Offers | | | 11,208 | | | | 12,839 | | 10,000 | 34,047 |
| Postage | 12,500 | 12,000 | 12,500 | 12,000 | 12,500 | 12,000 | 12,500 | 12,000 | 12,000 | 110,000 |
| Printing | 20,000 | 10,000 | 20,000 | 10,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 160,000 |
| Professional Fees | 32,800 | 8,000 | 7,000 | 7,000 | 21,950 | 7,000 | 7,000 | 7,000 | 21,950 | 119,700 |
| Legal and Audit Fees | 7,500 | 26,000 | 7,500 | 5,000 | 20,000 | 20,000 | 0 | 1,500 | 1,500 | 74,000 |
| Leases | 5,751 | 2,978 | 0 | 9,356 | 9,926 | 0 | 12,500 | 8,556 | 8,926 | 39,601 |
| Service Contracts | 9,500 | 9,500 | 9,500 | 9,500 | 9,500 | 9,500 | 9,500 | 9,500 | 9,500 | 85,500 |
| Campus Events | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 22,500 |
| Supplies | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 | 8,500 | 6,500 | 6,500 | 58,500 |
| Telephone | 1,412 | 5,634 | 1,412 | 2,515 | 1,412 | 1,412 | 5,634 | 5,634 | 1,412 | 26,477 |
| Travel | | | | 5,000 | | | | | | 5,000 |
| Vehicle Maintenance | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 700 | 6,300 |
| Other | 2,800 | 0 | 0 | 0 | 2,800 | 0 | 0 | 0 | 2,800 | 8,400 |
| Loan payments - Interest | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Loan payments - Principal | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| *Chapter 11* | | | | | | | | | | |
| Adequate protection pmts | | | | | 10,000 | 5,000 | 5,000 | 10,000 | 5,000 | 52,500 |
| Security Deposits | 52,500 | | | | | | | | | 52,500 |
| U.S. Trustee Fees | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 | 5,000 | 5,000 | 10,000 | 5,000 | 55,000 |
| Committee Professional Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Debtor's Professional Fees | 0 | 0 | 0 | 75,000 | 0 | 0 | 0 | 75,000 | 0 | 160,000 |
| Gipson Hoffman & Pancone | | | | | | | | | | 20,000 |
| Winthrop Couchot PC | | | | | | | | | | |
| Total Disbursements | 468,842 | 680,629 | 498,626 | 559,793 | 434,552 | 606,541 | 555,772 | 695,453 | 348,846 | 4,893,054 |
| Ending Cash | 1,308,337 | 1,128,107 | 1,099,386 | 1,002,875 | 1,219,232 | 1,275,784 | 1,780,922 | 1,862,207 | 1,988,148 | 1,988,148 |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 18, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Crystal Cathedral Ministries - gwynmyers@mac.com
Committee Counsel: Nanette D. Sanders – nanetts@ringstadlaw.com
US Trustee's Office: Frank.Cadigan@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 18, 2010 | Viann Corbin | /s/ Viann Corbin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**NOTICE OF ENTERED ORDER AND SERVICE LIST**

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **November 19, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Frank Cadigan    frank.cadigan@usdoj.gov
- Mark R Campbell    mcampbell@markcampbelllaw.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Marshall F Goldberg    mgoldberg@glassgoldberg.com
- Kavita Gupta    kgupta@winthropcouchot.com
- John D Monte    montelaw@earthlink.net
- Sue Y Park    spark@callahan-law.com
- Christopher O Rivas    crivas@reedsmith.com
- Nanette D Sanders    becky@ringstadlaw.com
- Ramesh Singh    claims@recoverycorp.com
- Edward J Tredinnick    etredinnick@greeneradovsky.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Crystal Cathedral Ministries
13280 Chapman Ave
Garden Grove, CA 92840-4414

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Crystal Cathedral Ministries - gwynmyers@mac.com