Form 210A (10/06)

# United States Bankruptcy Court
## Central District of California (Santa Ana)

In re:     Crystal Cathedral Ministries dba Mascom Advertising,
Case No.    10-bk-24771-RK

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or **deemed filed** under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to **Rule 3001(e)(1)**, Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**Fair Harbor Capital, LLC**
As assignee of WDTN

Name of Transferor:
**WDTN**

Name and Address where notices to transferee should be sent:

    Fair Harbor Capital, LLC
    Ansonia Finance Station
    PO Box 237037
    New York, NY 10023

Court Claim # (if known): none
Amount of Claim: $60,180.00
Date Claim Filed:

Name and Address of Transferor:

    WDTN
    90366 Collection Center Drive
    Chicago, IL 60693

Phone:    212 967 4035
Last Four Digits of Acct #:    n/a

Phone:
Last Four Digits of Acct. #:    n/a

Name and Address where transferee payments should be sent (if different from above):

Phone:    n/a
Last Four Digits of Acct #:    n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:    /s/Fredric Glass        Date:   June 14, 2011
    Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Central District of California (Santa Ana)

In re:  Crystal Cathedral Ministries dba Mascom Advertising,
Case No.  10-bk-24771-RK

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

**Claim No. none (if known)**
was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on June 14, 2011.

Name of Transferee:
**Fair Harbor Capital, LLC**
**As assignee of WDTN**

Name of Alleged Transferor:
**WDTN**

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023

Name and Address of Alleged Transferor:

WDTN
90366 Collection Center Drive
Chicago, IL 60693

## ~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised the this Notice of Transfer of Claim Other than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objection must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
Clerk of the Court

United States Bankruptcy Court, Central District Of California (Santa Ana)
------------------------------------------------------------X
In re:                                                      :    :     Chapter 11
Crystal Cathedral Ministries dba MASCOM Advertising,        :                 Case No. 10-bk-24771-RK
                                                            :          Debtor: Amount $90,567.50
------------------------------------------------------------X

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE
Bankruptcy Rule 3000(e)

PLEASE TAKE NOTICE that the scheduled claims of Lin Television dba as both KRQE Tv and WDTN-TV ("Transferor") against the Debtor(s) in the amounts of $30,387.50 and $60,180.00 respectively, as listed within Schedule F of the Schedule of Assets and Liabilities filed by the Debtor(s), and all claims (including without limitation the Proof of Claim, if any, identified below and Transferor's rights to receive all interest, penalties, cure payments that it may be entitled to receive on account of the assumption of any executory contract or lease related to the Claim and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim) of Transferor have been transferred and assigned other than for security to Fair Harbor Capital, LLC ("Transferee") in consideration of the su consideration is to be paid by payment of $63,297.25 by wire transfer to Jay N. Applebaum, Client Trust Account. Payment is to be made within five (5) days after execution of the documents. Failure to make payment of the total consideration within the five (5) day period shall void the assignment and Transferee agrees to execute all necessary documents to reassign the claim back to the Transferor. The signature of the Transferee on this TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND WAIVER OF NOTICE, only after payment of the agreed to consideration for the claims, is evidence of the Transfer of the claims and all rights and benefits of Transferor relating to the Claim. The Claim is based on amounts owed to Transferor by Debtor and this transfer shall be deemed an absolute and unconditional transfer of the Claim for the purpose of collection and shall not be deemed to create a security interest. Please note that Fair Harbor Capital, LLC is not obligated to file any application, motion, Proof of Claim or other document with the Bankruptcy Court with regard to your claim.

I, the undersigned Transferor of the above-described claims, hereby assign and transfer my claims and all rights there under to the Transferee upon terms as set forth herein. I represent and warrant that the claim is not less than $90,567.00 and has not been previously objected to, sold, or satisfied. Upon notification by Transferee, I agree to reimburse Transferee a pro-rata portion of the purchase price if the claim is reduced, objected to, or disallowed in whole or part by the Debtor, the Court, or any other party and Transferor represents and warrants that there are no offsets or defenses or preferential payments that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Proofs of Claim in the amount of $90,567.50 have been duly and timely filed in the Proceedings (and a true copy of such Proofs of Claim are attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth above, Transferee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Transferor is hereby deemed to sell to Transferee, and, at Transferee's option only, Transferee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Transferee shall remit such payment to Transferor upon Transferee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection by the Debtor.

After payment of the consideration Transferor hereby authorizes Transferee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"). Transferor hereby acknowledges and consents to all of the terms set forth in this Transfer of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP. Transferor hereby acknowledges that Transferee may at any time reassign the Claim, together with all right, title and interest of Transferee in and to this Transfer of Claim. All representation and warranties made herein shall survive the execution and delivery of this Transfer of Claim and any such re-assignment.

Other than stated above, Transferee assumes all risks associated with debtor's ability to distribute funds. Transferor agrees to deliver to Fair Harbor Capital, LLC any correspondence or payments received subsequent to the date Transferee signs this agreement. The clerk of the court is authorized to change the address regarding the claim of the Transferor to that of the Transferee listed below.

The parties agree that litigation pending in Superior Court of the State of California, County of Orange, Case number 30-2010 00349701 shall be dismissed without prejudice.

This agreement replaces and voids any previous agreements between the parties, and specifically voids the agreement entered into between KRQE Lockebox Service and Fair Harbor Capital, LLC dated June 2, 2011.

This Transfer of Claim shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of California, and Transferor consents to and confers personal jurisdiction over Transferor by such court. Transferor acknowledges that, in the event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Transferee has paid for the Claim, Transferor shall immediately remit to Transferee all monies paid by Transferee in regard to the Claim and ownership of the Claim shall revert back to Transferor.

TRANSFEROR:                                                                TRANSFEREE:
Lin Television dba as both KRQE Tv and WDTN-TV                             Fair Harbor Capital, LLC
c/o Jay N. Applebaum, Esq.
6355 Topanga Canyon Boulevard, Suite 255, Woodland Hills CA 91367
Print Name: Greg Frost   Title: CREDIT & COLLECTIONS MGR   Signature: [signed] 6/10/11

Signature: [signed]   Date: 6/13/11                                         Fred Glass, Member Fair Harbor Capital, LLC

B6F (Official Form 6F) - (12/07) - Cont.

In re: **Crystal Cathedral Ministries**  
Debtor

Case No. **8:10-bk-24771 RK**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Wayne Kim<br>624 N Harbor Blvd.<br>Fullerton, CA 92832 | | | Prepaid tuition Crystal Cathedral Academy | | | | 6,534.00 |
| Wayne Kim<br>624 N Harbor Blvd.<br>Fullerton, CA 92832 | | | Prepaid tuition Crystal Cathedral Academy | | | | 6,534.00 |
| WAZT-TV Attn: Corp Officer<br>Broadcast House<br>P.O. Box 508<br>Woodstock, VA 22664-0010 | | | Trade/Services | | | | 510.00 |
| WBND<br>Attn: Corporate Officer<br>24620 Network Pl<br>Chicago, IL 60673-1246 | | | Trade/Services | | | | 680.00 |
| WDTN<br>Attn: Corporate Officer<br>90366 Collection Center Dr.<br>Chicago, IL 60693 | | | Trade/Services | | | | 60,180.00 |
| Wedding Pages<br>Attn: Corporate Officer<br>11106 Mockingbird Dr.<br>Omaha, NE 68137-2331 | | | Trade/Services | | | | 255.64 |
| Wes Lasken dba: Tech West<br>P.O. Box 856<br>Running Springs, CA 92382 | | | Trade/Services | | | | 2,159.59 |

Sheet no. 95
attached to Schedule of Creditors Holding
Unsecured Non-Priority Claims

MAINDOCS-#155169-v1-CCM_Schedule_F.DOC