MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
KAVITA GUPTA – State Bar No. 138505
kgupta@winthropcouchot.com
**WINTHROP COUCHOT**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtor and Debtor-in-Possession

FILED & ENTERED

JUL 22 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CRYSTAL CATHEDRAL MINISTRIES,<br>a California nonprofit corporation,<br><br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:10-bk-24771-RK<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING OVERBID PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF THE CONDOMINIUM CONTEMPLATED IN THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**<br><br>DATE:    July 12, 2011<br>TIME:    2:30 p.m.<br>PLACE:   Courtroom 5D<br>         411 W. Fourth Street<br>         Santa Ana, CA 92701 |

On June 12, 2011, at 2:30 p.m., the Court held a hearing to consider the *Debtor's* Motion For Order Approving Overbid Procedures In Connection With The Proposed Sales Contemplated In The Debtor's Chapter 11 Plan Of Reorganization (the "Sale Procedures Motion") filed as Docket #525 on July 5, 2011, by Crystal Cathedral Ministries, a California nonprofit corporation, the debtor and debtor-in-possession herein ("Debtor").[1]  Marc J. Winthrop, Esq. of Winthrop Couchot Professional Corporation appeared on behalf of the Debtor; Nanette D. Sanders, Esq. of Ringstad & Sanders LLP, appeared on behalf of the Official Committee of Creditors Holding Unsecured Claims.  Other appearances, if any, were as reflected on the Court's record of the proceedings.

The Court having reviewed the Motion, the Declaration of Gwyn J. Myers ("Declaration") filed in support thereof, the opposition filed by the Official Committee of Unsecured Creditors (the "Committee"), the joinder filed by Farmers & Merchants Bank of Long Beach, the Debtor's reply, the Debtor's partial withdrawal of the Motion for approval of the stalking horse protections and bid procedures in connection with the sale of the Crystal Cathedral Campus to Greenlaw Partners, LLC, all pleadings and other documents on file in this Chapter 11 case, and having heard the arguments of counsel, and the Court having found that, under the circumstances of the case, the notice of the hearing on the Motion was sufficient, and for other good and adequate cause,

**HEREBY ORDERS** that:

1. The Motion is granted;
2. The following Bid Procedures are hereby approved with respect to the sale of the Condominium:

   a. **Stalking Horse; No Break-Up Fee.**

   The Condominium Purchaser shall be the stalking horse for the Condominium without the possibility of a break-up fee.

   b. **Timing; Procedures and Qualified Bids.**

---

[1] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

    i. <u>Bid Procedure; Offer Deadline</u>.  The Debtor and the Committee may solicit Offers to purchase the Condominium at any time up and to the Offer deadline; the Offer deadline shall be July 22, 2011 (the "Condominium Offer Deadline").  Any Qualified Offer must satisfy the following conditions in order to be considered by Debtor:  (1) the Offer must be for at least $10,000 more than the Condominium Purchaser's purchase price offer; (2) the Offer must be presented in summary form and include a Bid for Purchase of Real Property in the same form as the Bid executed by Debtor and the Condominium Purchaser, together with a comparison between the proposed purchase agreement and the Bid (provided that nothing herein shall restrict any offeror from proposing terms which are different from the terms set forth in the Bid); (3) no financing contingencies; (4) proof of funds, which proof may include unqualified commitment letters from a reputable and financially able institution, fund or company, together with such information, documents and financial statements which will establish to the Debtor's satisfaction (in consultation with the Committee) that the offeror (together with its principals and applicable affiliates) has the ability and capacity to consummate the transaction, which information may include both current and historical financial statements and other information related to offeror's knowledge and experience with respect to assets similar in nature to the Condominium as well as its ability to close; and (5) accompanied by a deposit in the amount of $50,000, which deposit shall become immediately non-refundable in the event the person who submits the Qualified Offer is the winning bidder on the Sale Auction Date.  The Debtor will provide all such information to the Committee.

    ii. <u>Offer Evaluation Process.</u>  The Debtor shall distribute any Offers received by Debtor to the **Condominium Purchaser** and the Committee promptly

1  upon the Debtor's receipt thereof.  The Debtor shall discuss all Offers with
2  the Committee.  The Debtor, subject to consultation with the Committee
3  and the right of any party to object and seek Bankruptcy Court
4  determination of same, shall determine in its business judgment whether
5  any Offer constitutes a Qualified Offer.  The Debtor shall notify the
6  Condominium Purchaser, the Committee and each person who has
7  submitted an Offer, whether such person's Offer constituted a Qualified
8  Offer by July 29, 2011, no later than seven days prior to the Condominium
9  Sale Auction Date (as defined below).  Notwithstanding anything to the
10 contrary set forth elsewhere herein, the Debtor shall have no obligation to
11 accept any Qualified Bid and may reject an otherwise Qualified Bid if it is
12 not on substantially the same terms and conditions as the Bid (other than
13 monetary terms) or otherwise withdraw its motion to sell the Condominium
14 at any time up to and including the Condominium Sale Confirmation
15 Hearing (as defined below).  The rights of the Committee, and any other
16 interested party, to object to the Debtor's approval of an Offer as a
17 Qualified Offer, or the Debtor's acceptance or rejection of any otherwise
18 Qualified Offer are preserved in their entirety and may be raised at any time
19 up to and including the Sale Confirmation Hearing; provided that the
20 Debtor and/or Condominium Purchaser each reserve the right to revise its
21 conditions of purchase and the bid procedures terms and conditions in
22 response to any such objections.

23 iii.  Sale Auction Date.  In the event any Offers are received by the Debtor, a
24 "Condominium Sale Auction Date" shall be set for August 5, 2011 at 10:00
25 a.m., at which time all persons who have submitted Qualified Offers shall
26 be entitled to bid on the Condominium.  The Sale Auction will be held at
27 Winthrop Couchot's offices.  The Debtor shall conduct the auction.  Bids
28 shall be in the minimum incremental amounts of $1,000.  The bidding will

1 continue until there are no higher and better bids, with the right to purchase
2 the Condominium being awarded to the highest and best bid at the
3 conclusion of the auction; provided that the Condominium Purchaser shall
4 be entitled to the right to match the highest and best bid of any third
5 person, with any tie being in favor of the Condominium Purchaser. All
6 other bidders shall be entitled to the immediate return of their deposits at
7 the conclusion of the auction; provided that any bidder, including the
8 Condominium Purchaser, may elect to leave its deposit in and be
9 considered a back up offer in the same order of priority as it placed in the
10 bidding.
11   iv. <u>Condominium Sale Confirmation Hearing.</u>  The Debtor will file and serve
12 the auction results on all parties entitled to notice (including the
13 Condominium Purchaser, the Committee and any Qualified Bidder) at least
14 two (2) court days prior to the Sale Confirmation Hearing, which is
15 scheduled for on or about August 9, 2011 at 2:30 p.m.  At the
16 Condominium Sale Confirmation Hearing, the Debtor will request that the
17 Bankruptcy Court enter an order setting forth the appropriate findings of
18 fact, conclusions of law and orders, including confirmation of the auction
19 and awarding of the sale of the Condominium to Condominium Purchaser,
20 or in the event Condominium Purchaser is not the winning bidder at the
21 Auction Sale Date (in the event such auction occurred), to that winning
22 bidder (the "Condominium Sale Order").
23 //
24 //

1

      v. <u>Closing Date.</u> The closing of the sale shall occur on the earlier of 10 calendar days from escrow's receipt of a certified copy of the Condominium Sale Order or September 15, 2011.

3.     No further notice shall be necessary to effectuate the foregoing.

###

DATED: July 22, 2011

_____
United States Bankruptcy Judge

-6-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING OVERBID PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF THE CONDOMINIUM CONTEMPLATED IN THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 19, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- Frank Cadigan    frank.cadigan@usdoj.gov
- Todd C. Ringstad    becky@ringstadlaw.com
- Nanette D Sanders    becky@ringstadlaw.com
- Gwyn Myers    gwynmyers@mac.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 19, 2011 | Gretchen Crumpacker | /s/ *Gretchen Crumpacker* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING DEBTOR'S MOTION FOR ORDER APPROVING OVERBID PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF THE CONDOMINIUM CONTEMPLATED IN THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**  was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **July 19, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒      Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Crystal Cathedral Ministries
13280 Chapman Ave
Garden Grove, CA 92840-4414

☐      Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Debtor:  Gwyn Myers:  gwynmyers@mac.com

☐      Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION**

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- Jeffrey W Broker    jbroker@brokerlaw.biz
- Frank Cadigan    frank.cadigan@usdoj.gov
- Mark R Campbell    mcampbell@markcampbelllaw.com
- Cathrine M Castaldi    ccastaldi@rusmiliband.com
- Patricia A Cirucci    patricia.cirucci@sce.com
- Jeff Cohen    JC@SouthpawAsset.com
- Don Fisher    dfisher@ptwww.com
- Bernard R Given    bgiven@frandzel.com, efiling@frandzel.com;shom@frandzel.com;bgiven@frandzel.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- Marshall F Goldberg    mgoldberg@glassgoldberg.com
- Carl Grumer    cgrumer@manatt.com
- Kavita Gupta    kgupta@winthropcouchot.com
- Edward S Kim    ekim@hemar-rousso.com
- Steven B Lever    sblever@leverlaw.com
- Craig A Loren    aloren@debtacquisitiongroup.com, bschwab@debtacquisitiongroup.com;jsarachek@debtacquisitiongroup.com
- Lawrence C Meyerson    lcmlaw@earthlink.net
- Michael S Mitchell    mike@demarcomitchell.com
- John D Monte    johnmontelaw@gmail.com
- Vahak Papasian    vahak@vaplaw.com, test@ecf.inforuptcy.com;vahak@ecf.inforuptcy.com
- Sue Y Park    sparkcallahan@gmail.com
- Thomas J Polis    tom@polis-law.com
- Richard J Reynolds    glatimer@trlawyers.com
- Todd C. Ringstad    becky@ringstadlaw.com
- Christopher O Rivas    crivas@reedsmith.com
- Nanette D Sanders    becky@ringstadlaw.com
- Meghan C Sherrill    meghan.sherrill@troutmansanders.com
- Ramesh Singh    claims@recoverycorp.com
- Edward J Tredinnick    etredinnick@greeneradovsky.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Michael A Wallin    mwallin@sheppardmullin.com
- Andrew F Whatnall    awhatnall@daca4.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- Arnold H Wuhrman    Wuhrman@serenitylls.com
- Pamela Jan Zylstra    zylstralaw@gmail.com